**LEAPAGATELE KESI, for himself and on behalf
of the LEAPAGATELE family, Plaintiff**

**v.**

**LAUPEPA MALAUULU, LAUOI MALAUULU, and
ISUMU LEAPAGATELE, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 52-90

May 14, 1991

■

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge,
AFUOLA, Associate Judge.

Counsel: For Plantiff, Gata E. Gurr
        For Defendants, Charles V. Ala'ilima

*Facts*

Plaintiff is the senior matai of the Leapagatele family of Nu'uuli. He has held his family's title since 1958. Defendants Laupepa and Lauoi Malauulu are plaintiff's grand nephews and also members of the Leapagatele family. Towards the end of August 1990, plaintiff discovered that the defendants had begun the foundation of a house on a certain area of family land, known as "Lepine," without his being consulted. His repeated demands to cease construction were not only met with threats of violence but with his nephew Laupepa's assertion of

109

"pule" over the land. The house is now completed, notwithstanding a stipulated preliminary injunction.

The defendants have never been on family lands before, but it seems that their defiant stance stems, at least in part, from the collaboration of their uncle Isumu Leapagatele, who is also plaintiff's older brother. The building permit for the house in question was signed by uncle Isumu, who apparently seems to be in the habit of inviting different people onto family lands without the matai's knowledge. *See Leapagatele v. Nyel*, 17 A.S.R.2d 201 (1990).

Plaintiff petitions eviction, and he seeks an injunction not only to enjoin the defendants Laupepa and Lauoi Malauulu from continuing occupation of the portion of land involved, but also to enjoin Isumu Leapagatele from further signing building permits and other documents involving family lands.

Plaintiff testified that the area affected by defendants' house was assigned many years ago to a woman named Leao;[1] that this assignee has faithfully rendered him traditional service (tautua) just as she had served the previous titleholder, his father; and that, in fact, he had already signed a building permit for Leao so that she could go about restoring her hurricane-damaged home. Plaintiff further testified that neither the defendants nor their mother (who moved to the United States many years ago) render tautua; however, plaintiff also added that he would have been willing to assign to the defendants another area of available, family land had they only asked.

*Conclusions*

On the foregoing facts, plaintiff matai and family are clearly entitled to the relief sought. The authorities are replete; the matai alone has pule over family lands, and an individual family member simply

---

[1] Whether or not this lady is a member of the Leapagatele family is far from clear. We found the matai's responses to be equivocal and even somewhat evasive. On the other hand, there was no testimony to the contrary. The defendants did not bother to show up for trial, although their counsel did appear. As their failure to appear was inexplicable, counsel's motion for a continuance was denied, and trial proceeded as scheduled.

110

cannot help himself to family lands in derogation of that pule. The petition for eviction is granted.

Additionally, the defendants Laupepa and Lauoi Malauulu can hardly be said to be good-faith improvers, whereby they may be entitled to equitable relief for the value of improvements made to the land. *See Tulisua v. Olo*, 8 A.S.R.2d 169 (1988). They may, however, either remove the house or abandon it in favor of the Leapagatele family. That is not to say that the parties cannot, therefore, negotiate a sale agreement of the house, since its removal would most probably be wasteful. On the other hand, if such an agreement cannot be achieved, then the defendants Laupepe and Lauoi Malauulu shall remove their property from Lepine within 60 days; otherwise, the house shall become a part of the Leapagatele family's property.

The petition for injunctive relief is also granted. Accordingly, Laupepa and Lauoi Malauluulu are enjoined from using or occupying any portions of family lands "Lepine," unless permission from the senior matai, Leapagatele Kesi, is first had and obtained.

Further, the defendant Isumu Leapagatele is enjoined from signing any building permits or documents purporting to involve family lands "Lepine."

It is so ordered.